UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD MCDOUGALL, Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10 cv 0358 |
| v. | ) ) | Judge Marvin E. Aspen |
| NAGY READY MIX, INC., a Michigan corporation, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

On July 22, 2011, we granted Plaintiffs' motion for summary judgment in *Central States, Southeast and Southwest Areas Pension Fund v. Nagy Ready Mix, Inc.*, No. 10 CV 0358, 2011 WL 3021524, at *12 (N.D. Ill. July 22, 2011). Pending appeal, Defendants moved this court to perpetuate testimony of a witness under Federal Rule of Civil Procedure 27(b). (Dkt. No. 75.) For the following reasons, we grant Defendants' motion.

### BACKGROUND

Our ruling on summary judgment sets forth the facts of this case and we do not repeat them here, except as relevant for the purposes of this motion. Plaintiffs sought to hold Defendant Charles Nagy ("Nagy") personally responsible for withdrawal liability under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1371, 1381–1461 ("ERISA"). *Central States*, 2011 WL 3021524, at *1. For the reasons explained in that opinion, Nagy's personal liability turned in part on whether he performed work for Wells Venture Corporation

("WVC") as an employee or an independent contractor. *Central States*, 2011 WL 3021524, at *7–11. Nagy held a minority ownership interest in WVC and served as its president and a member of its board of directors. *Central States*, 2011 WL 3021524, at *2. The only other member of the board of WVC was Roman Halanski ("Halanski"). (Mot. ¶ 5.) Defendants did not identify Halanski as a potential witness in their Rule 26(a) disclosures and did not seek to depose him at any time before the close of discovery. (Resp. at 2–3.) Nevertheless, on appeal they ask the Seventh Circuit to remand the case back to this court "with instructions to take further proof" on the issue of Nagy's status at WVC. (Appellant's Br. at 43, No. 11-3055, Jan. 27, 2012 (Dkt. No. 20).) Pending resolution of the appeal, Defendants moved this court under Federal Rule of Civil Procedure 27(b) to allow them to take Halanski's deposition immediately, in order to preserve his testimony. (Dkt. No. 75.)

## STANDARD OF REVIEW

While an appeal is pending, Rule 27(b) allows the district court in the underlying case to "permit a party to depose witnesses to perpetuate their testimony in the event of further proceedings in that court . . . if the court finds that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. Rule 27(b); *DRFP, LLC v. Republica Bolivariana de Venezuela*, No. 04 CV 0793, 2009 WL 4281261, at *1 (S.D. Ohio Nov. 24, 2009). This rule is not a substitute for discovery—its purpose is to perpetuate known testimony, not to discover unknown testimony. *See Appl. of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 486 (4th Cir. 1999) ("A petitioner must know the substance of the evidence it seeks before it can invoke Rule 27 perpetuation."); *Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (denying a Rule 27 petition because the petitioner could not "set forth the substance

of the testimony"). The rule "properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Canal Barge Co., Inc. v. Gulfstream Trading, Ltd.*, CIV. A. 97-2674, 1999 WL 1277539, at *2 (E.D. La. Dec. 22, 1999); *Ash v. Cort*, 512 F.2d 909, 911 (3d. Cir. 1975). We apply a two-part analysis to determine the propriety of deposing a witness under Rule 27.

First, there must be a showing that the testimony is probative as to a key issue. *DRFP, LLC*, 2009 WL 4281261, at *1. To meet this standard "the testimony to be perpetuated must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." *In re Bay Cnty. Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999). As a practical matter, however, it is difficult to "draw[] bright lines as to the exact importance of the preserved testimony . . ." *Id.* Therefore, instead of applying a bright-line test, we use our discretion in accordance with the rule's stated purpose to "prevent a failure or a delay of justice." Fed. R. Civ. P. 27(b). Evidence may "prevent a failure or delay of justice" if it "throws a different, greater, or additional light on a key issue." *In re Bay Cnty.*, 171 F.3d at 1047; *19th St. Baptist Church v. St. Peter's Episcopal Church*, 190 F.R.D. 345, 347 (E.D. Pa. 2000).

Second, Rule 27(b) requires "a real showing of the need for the preservation of the evidence." *Canal Barge Co.*, 1999 WL 1277539, at *2; *City of El Paso v. S.E. Reynolds*, 887 F.2d 1103, 1105 (D.C. Cir. 1989). Therefore, the moving party must demonstrate "a risk of permanent loss of the desired testimony." *DRFP, LLC*, 2009 WL 4281261, at *1; *In re Petition of Banks*, No. 93 CV 6914, 1993 WL 502379, at *2 (N.D. Ill. Dec. 6, 1993) ("Rule 27 applies in situations in which for one reason or another, testimony might be lost . . . unless taken immediately.") (internal quotations omitted). Courts have generally granted Rule 27 motions

"when a witness is aged or gravely injured and in danger of dying," but abstract concerns about human mortality and forgetfulness will not suffice. *Banks*, 1993 WL 502379, at *2 ("Bank's concern that some of the adverse parties may pass away or go mad are thus far too generalized . . ."); *but see 19th St. Baptist Church*, 190 F.R.D. at 346 (granting motion where the proposed witnesses were between the ages of 86 and 91).

**ANALYSIS**

**I.      The Perpetuation of Halanski's Testimony Under Rule 27**

Defendants' motion satisfies the second part of the Rule 27 analysis. Defendants state that "Mr. Halanski is presently 87 years old and suffers from cardiac conditions which have caused him to have recent by-pass and valve replacement surgery." (Mot. ¶ 11.) Thus, Halanski's age and health present "a risk of permanent loss of the desired testimony." *DRFP, LLC*, 2009 WL 4281261, at *1.

Whether Defendants have shown Halanski's testimony is sufficiently probative is a closer question. Plaintiffs argue that his testimony will be either irrelevant or duplicative of Nagy's. (Resp. at 3–6.) Defendants contend that Halanski's position as a director of WVC makes his testimony relevant and material to the dispositive issue of Nagy's status as an employee or independent contractor. (Reply at 6–9.) We think that the particular circumstances of this case favor Defendants' position on this issue.

Nagy and Halanski were apparently the only two directors of WVC. (Mot. ¶ 5). It is very likely, therefore, that Halanski's testimony will significantly overlap with Nagy's. That probability is not in itself fatal to Defendants' motion, however. Rule 27 does not require that

the proposed testimony be "absolutely unique." *In re Bay Cnty.*, 171 F.3d at 1047. Rather, it must throw "a different, greater, or additional light on a key issue . . ." *Id.*

Whether Nagy was an employee or independent contractor of WVC is a key issue in this case, the resolution of which depends largely on the relationship between the directors and Nagy in his role as an officer of WVC. *See Central States*, 2011 WL 3021524, at *7–11. Given that Halanski is the only person other than Nagy involved in this business relationship, his knowledge of Nagy's role in the company could easily affect the determination of this issue. If Halanski's testimony were to become unavailable, there is no one other than Nagy who can testify regarding his role in WVC. Under these circumstances, and mindful of Halanski's age and medical condition, we would rather use our discretion to preserve his testimony.[1]

## II. Defendants' Failure to Disclose Halanski as a Witness Under Rule 26(a)

Addressing the propriety of perpetuating Halanski's testimony under Rule 27 does not directly resolve the related issue raised by Plaintiffs: whether we should allow Halanski to testify at all, given that Defendants failed to disclose him as a witness under Rule 26(a). Plaintiffs point out, and Defendants concede, that "Defendants never identified Halanski as an individual who might have discoverable information pursuant to Fed. R. Civ. P. 26(a)(1) or in response to [Plaintiffs'] discovery requests." (Resp. at 2.) Under Rule 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants argue

---

[1] We note that this holding in no way limits or predetermines any objections Plaintiffs may have to the admissibility of Halanski's testimony, should the Seventh Circuit remand the case.

-5-

that the omission was justified because neither the complaint, nor Plaintiffs' Rule 26 disclosures, contained "any information that would place Defendants on notice that [WVC] was relevant to the litigation or that Mr. Halanski's testimony would be required." (Reply at 2.) Defendants further claim that their failure to disclose Halanski as a potential witness is harmless, because Plaintiffs would have a "full and fair opportunity . . . to rebut the anticipated testimony of Mr. Halanski," and "there is no likelihood of a disruption to trial . . ." (*Id.* at 4–5.)

Plaintiffs dispute that Defendants lacked notice of Halanski's relevance to the suit. As Plaintiffs point out, Defendants repeatedly referred to WVC in their responses to Plaintiffs' interrogatories asking about certain "accounting services" listed on Nagy's personal tax return. (Reply, Ex. B ¶¶ 18–23.) Plaintiffs served these interrogatories on July 28, 2010 and Defendants responded on September 30, a month before discovery closed on October 31. (*Id.*; Surreply at 2–3.) Even if Defendants were initially unaware that Halanski had knowledge relevant to the suit, they certainly became aware after the interrogatories made it was apparent that Nagy's work on behalf of WVC would be an issue in the case. Therefore, Defendants had at least a month to identify Halanski as a potential witness in a supplemental disclosure under Rule 26(e), and we see no justification for their failure to do so.

While we agree with Plaintiffs that Halanski should have been disclosed under Rule 26, we do not think it is appropriate at this time to exclude his testimony. Defendants are asking the Seventh Circuit to remand with an order to further develop the record. (Appellant's Br. at 43.) If the Seventh Circuit chooses to remand, depending on the scope of their order it may be appropriate to reopen limited discovery and allow Halanski to testify. That possibility,

combined with Halanski's advanced age and deteriorating health, shifts the balance in favor of allowing Defendants to depose Halanski now in order to perpetuate his testimony.

Exclusion of testimony is not our only option under Rule 37, however. The rule gives us discretion to impose lesser sanctions, including costs and fees. Fed. R. Civ. P. 37(c)(1)(A). Defendants' failure to disclose Halanski as a potential witness was not justified, and it will cost Plaintiffs time and money to attend a deposition that may turn out to be completely unnecessary. For that reason, we order Defendants to pay Plaintiffs' reasonable costs and fees associated with preparing for and attending Halanski's deposition.

## CONCLUSION

For the reasons set forth above, we grant Defendants' motion to perpetuate testimony under Rule 27(b) and order Defendants to pay Plaintiffs' reasonable costs and attorney's fees. It is so ordered.

                                                                                                           _____
                                                                                                           Honorable Marvin E. Aspen
                                                                                                           U.S. District Court Judge

Date: December 27, 2012